IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ZACHARY D. SCHOLL,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED SERVICES<br>AUTOMOBILE ASSOCIATION,<br><br>        Defendant. | Case No. 3:23-cv-00021-JMK<br><br>**ORDER BIFURCATING TRIAL<br>AND STAYING DISCOVERY** |

At Docket 15, Defendant United Services Automobile Association ("USAA") moves the Court to bifurcate trial in this case and stay discovery as to Plaintiff Zachary Scholl's claim for breach of the implied covenant of good faith and fair dealing. Mr. Scholl responded in opposition at Docket 16. The Court took the motion under advisement following oral argument on February 6, 2024.

For the following reasons, the Court will bifurcate trial as to Mr. Scholl's breach of contract and breach of the implied covenant of good faith and fair dealing claims. Additionally, discovery as to the latter claim is stayed.

## I. BACKGROUND

In this case, Mr. Scholl sues to recover funds he believes he is owed under an underinsured motorist policy he had with his insurer, USAA.[1] In November 2021, Mr. Scholl was driving on the Old Seward Highway in Anchorage, Alaska, when his vehicle was struck by a motorist who failed to stop for a red light.[2] Mr. Scholl alleges that, as a result of this collision, Mr. Scholl suffered serious injuries, including injuries to his head and spine.[3] He further alleges that his injuries were exacerbated when he struck his head during a bout of vertigo and dizziness.[4] Indeed, due to his head injuries, Mr. Scholl was unable to work for over six weeks.[5]

At the time of the accident, Mr. Scholl held an automobile insurance policy with USAA.[6] A lawsuit was filed on Mr. Scholl's behalf against the driver who struck his vehicle and was settled for the driver's liability insurance policy limit.[7] Mr. Scholl then made a demand under his own underinsured motorist ("UIM") policy with USAA for the difference between the amount of his injuries and the settlement he received from the at-fault driver.[8] Following this request, USAA and Mr. Scholl sought to negotiate a settlement for the UIM claim.[9] Negotiations ultimately broke down.[10]

---

[1] *See generally* Docket 1-1.
[2] *Id.* at 2.
[3] *Id.* at 2–3.
[4] *Id.* at 3.
[5] *Id.*
[6] *Id.* at 4.
[7] *Id.* at 5.
[8] *Id.*
[9] *Id.* at 5–7.
[10] *Id.* at 7.

*Scholl v. United Servs. Auto. Ass'n,*  Case No. 3:23-cv-00021-JMK
Order Bifurcating Trial and Staying Discovery  Page 2
Case 3:23-cv-00021-JMK   Document 29   Filed 02/27/24   Page 2 of 9

Mr. Scholl filed this suit for breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the UTPCPA against his insurer, USAA, for failure to compensate him under his UIM policy.[11] Mr. Scholl alleges that USAA breached its insurance contract because it was obligated to pay under the UIM policy and did not.[12] He further alleges that USAA violated the covenant of good faith and fair dealing as it "refused to pay [Mr. Scholl] reasonable and fair value under the Policy's [UIM] provisions."[13] And, finally, he alleges violations of Alaska state law.[14]

## II. DISCUSSION

Rule 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." District courts have "broad discretion" in shaping appropriate bifurcation.[15]

USAA moves the Court to bifurcate trial as to Mr. Scholl's breach of contract and breach of the implied covenant of good faith and fair dealing claims and stay discovery as to the latter.[16] USAA argues that bifurcation favors judicial economy because Mr. Scholl must prove his breach of contract claim as a prerequisite to his claim for violation of the implied covenant of good faith.[17] Additionally, bifurcation will prevent undue

---

[11] *Id.* at 7–10.
[12] *Id.* at 7–8.
[13] *Id.* at 8–9.
[14] *Id.* at 9–10.
[15] *See M2 Software, Inc. v. Madacy Ent.*, 421 F.3d 1073, 1088 (9th Cir. 2005) (affirming the district court's decision to bifurcate liability and damages "for judicial economy and to avoid prejudice and confusion").
[16] *See* Docket 15.
[17] *Id.* at 5–6.

*Scholl v. United Servs. Auto. Ass'n,*  Case No. 3:23-cv-00021-JMK
Order Bifurcating Trial and Staying Discovery  Page 3
Case 3:23-cv-00021-JMK   Document 29   Filed 02/27/24   Page 3 of 9

prejudice by precluding the possibility that evidence of bad faith and insurance will be offered.[18] Moreover, USAA argues that staying discovery serves the same interests.[19]

In response, Mr. Scholl insists that USAA misconceives his breach of the implied covenant claim as a "bad faith" tort claim rather than a claim sounding in contract.[20] He argues that "a finding that USAA did not breach the contract does not automatically dismiss Plaintiff's breach of the covenant of good faith and fair dealing claim" and judicial economy will not be served by holding two trials.[21] Mr. Scholl also charges that USAA has moved to bifurcate in an attempt "withhold relevant discovery on Plaintiff's claims and undermine his prosecution of this case."[22]

### A. A Verdict on Mr. Scholl's Breach of Contract Claim may be Dispositive of His Claim for Breach of the Implied Covenant of Good Faith

Mr. Scholl asserts that a verdict on his breach of contract claim will not dispose of his claim for breach of the implied covenant of good faith and fair dealing. However, a jury verdict on the breach of contract claim may be dispositive of Mr. Scholl's claim for breach of the implied covenant of good faith, no matter how it is cast.

All contracts in Alaska carry an implied duty of good faith and fair dealing.[23] For insurance contracts, "breach of this covenant by the insurer gives the insured a cause of action sounding in tort," which is commonly referred to as the tort of bad faith in an

---

[18] *Id.* at 5–8.
[19] *Id.* at 10–12.
[20] Docket 16 at 10–11.
[21] *Id.* at 11–13.
[22] *Id.* at 4.
[23] *Lockwood v. Geico Gen. Ins. Co.*, 323 P.3d 691, 697 (Alaska 2014).

*Scholl v. United Servs. Auto. Ass'n,*   Case No. 3:23-cv-00021-JMK
Order Bifurcating Trial and Staying Discovery   Page 4

Case 3:23-cv-00021-JMK   Document 29   Filed 02/27/24   Page 4 of 9

insurance context.[24] The same cause of action also can sound in contract.[25] Alaska courts have not precisely defined the elements of the tort of "bad faith," but "precedent makes clear that the element of breach at least requires the insured to show that the insurer's actions were objectively unreasonable under the circumstances."[26] For example, "[w]hen a bad faith claim is based on a denial of coverage, a plaintiff must show that 'the insurance company's refusal to honor a claim be made without a reasonable basis.'"[27]

In the contract context, the implied covenant of good faith and fair dealing has a subjective element and an objective element.[28] The subjective element "prohibits one party from acting to deprive the other of the benefit of the contract," and the objective element "requires each party to act in a manner that a reasonable person would regard as fair."[29] To establish a breach of the covenant sounding in contract, a party must prove that the other party violated at least one of these two elements.[30]

Regardless of whether Mr. Scholl intended to plead a breach of the implied covenant of good faith sounding in contract or in tort, a verdict on his breach of contract claim may be dispositive. With respect to his breach of contract claim, Mr. Scholl argues that "USAA was contractually obligated, once its insured was paid the limits of liability

---

[24] *Id.*
[25] *See, e.g., State Farm Mut. Auto. Ins. Co. v. Weiford*, 831 P.2d 1264, 1266 (Alaska 1992).
[26] *Lockwood*, 323 P.3d at 697.
[27] *Wroten v. USAA Gen. Indem. Co.*, 535 F. Supp. 3d 880, 883 (D. Alaska 2021) (quoting *Hillman v. Nationwide Mut. Fire Ins. Co.*, 855 P.2d 1321, 1324 (Alaska 1993)).
[28] *Anchorage Chrysler Ctr., Inc. v. DaimlerChrysler Motors Corp.*, 221 P.3d 977, 992 (Alaska 2009).
[29] *Id.* (internal quotation marks omitted) (quoting *McConnell v. State, Dep't of Health & Soc. Servs., Div. of Med. Assistance*, 991 P.2d 178, 187 (Alaska 1999)).
[30] *Faulkner Walsh Constructors v. Nat'l Cas. Co.*, No. 3:20-CV-0270-HRH, 2022 WL 2669370, at *8 (D. Alaska July 11, 2022).

*Scholl v. United Servs. Auto. Ass'n,* Case No. 3:23-cv-00021-JMK
Order Bifurcating Trial and Staying Discovery Page 5
Case 3:23-cv-00021-JMK Document 29 Filed 02/27/24 Page 5 of 9

under the at fault driver's liability insurance policy, to pay Plaintiff for all of his 'compensatory damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle.'"[31] Under Mr. Scholl's approach, he must show that, as a preliminary matter, he was legally entitled to recover certain compensatory damages from the at-fault driver, and, then, that USAA did not pay the difference between these damages and the limits of liability under the at-fault driver's policy. A verdict that either (1) Mr. Scholl was not legally entitled to recover from the other driver; or (2) USAA paid the difference between his compensatory damages and the limits of the at-fault driver's policy would eliminate a claim for breach of the implied covenant of good faith that sounds in tort, as the verdict precludes a later finding that USAA refused to honor his claim without a reasonable basis. In the contract context, this would frustrate a finding that USAA deprived Mr. Scholl of the benefit of the contract or that it acted in a manner that a reasonable person would not regard as fair.

Mr. Scholl relies on *Ferguson v. State Farm Mutual Automobile Insurance Co.*, No. 3:11-cv-0081-JWS, 2011 WL 4946349 (D. Alaska Oct. 18, 2011), for the principle that a plaintiff may succeed on a breach of the implied covenant of good faith and fair dealing claim despite failing on their breach of contract claim. In *Ferguson*, Judge Sedwick concluded that bifurcation was not warranted because "even if a jury determined that State Farm was not liable on Ferguson's breach-of-contract claim, plaintiff's claim for breach of the covenant of good faith and fair dealing would go

---

[31] Docket 16 at 2.

*Scholl v. United Servs. Auto. Ass'n,* Case No. 3:23-cv-00021-JMK
Order Bifurcating Trial and Staying Discovery Page 6
Case 3:23-cv-00021-JMK   Document 29   Filed 02/27/24   Page 6 of 9

forward," because the latter claim was based on the insurer's inaction in evaluating the plaintiff's claim.[32]

Not so here. Mr. Scholl's complaint is clear that USAA engaged in some evaluation of his damages and entered into settlement negotiations with him.[33] However, he alleges that USAA "refused to pay [Mr. Scholl] reasonable and fair value under the Policy's [UIM] provisions."[34] If a jury determined that USAA did not breach its contract with Mr. Scholl, either because he was not legally entitled to recover from the other driver or that USAA paid the difference between his compensatory damages and the limits of the at-fault driver's policy, it could not then hold that USAA refused to pay reasonable and fair value under the UIM policy.

**B.   Bifurcation is Appropriate**

Bifurcation is warranted to expedite and economize and to avoid potential prejudice.[35] Considerations of judicial economy and efficiency weigh in favor of bifurcation given the potential for trial on the breach of contract claim to render unnecessary litigation with respect to the claim for breach of the implied covenant of good faith. Moreover, a single trial that would address both claims would prejudice USAA, because evidence of Mr. Scholl's insurance and of USAA's alleged failure to reasonably value his claim would be admitted. Admission of this evidence would risk the jury being improperly influenced or confused as to the question of whether the contract was breached.

---

[32] 2011 WL 4946349 at *1.
[33] *See* Docket 1-1 at 7–10.
[34] *Id.* at 8–9.
[35] Fed. R. Civ. P. 42(b).

*Scholl v. United Servs. Auto. Ass'n,*  Case No. 3:23-cv-00021-JMK
Order Bifurcating Trial and Staying Discovery  Page 7
Case 3:23-cv-00021-JMK   Document 29   Filed 02/27/24   Page 7 of 9

Finally, there is no evidence that USAA is making a bad faith attempt to withhold relevant discovery as Mr. Scholl intimates in his opposition.[36] Accordingly, the Court will bifurcate Mr. Scholl's claims for breach of contract and breach of the implied covenant of good faith and fair dealing into two trials.

**C.  A Stay of Discovery with Respect to the Claim for Violation of the Implied Covenant of Good Faith is Warranted**

USAA further argues that staying discovery as to the breach of the implied covenant of good faith and fair dealing claim would prevent undue prejudice and promote efficiency.[37] In response, Mr. Scholl counters that a stay would lead to duplicative discovery.[38]

As discussed, there is the possibility that trial on the breach of contract claim will render unnecessary further litigation. Accordingly, a stay of discovery is appropriate, as it will potentially result in more efficient adjudication of this matter and cost savings for the parties.

### III.  CONCLUSION

For the foregoing reasons, the Court trial is bifurcated and discovery as to Mr. Scholl's claim for breach of the implied covenant of good faith and fair dealing is stayed.

---

[36] Docket 16 at 4.
[37] Docket 15 at 10–11.
[38] Docket 16 at 16.

*Scholl v. United Servs. Auto. Ass'n,*  Case No. 3:23-cv-00021-JMK
Order Bifurcating Trial and Staying Discovery  Page 8
Case 3:23-cv-00021-JMK   Document 29   Filed 02/27/24   Page 8 of 9

IT IS SO ORDERED this 27th day of February, 2024, at Anchorage, Alaska.

                        */s/ Joshua M. Kindred*
                        JOSHUA M. KINDRED
                        United States District Judge

*Scholl v. United Servs. Auto. Ass'n,*                         Case No. 3:23-cv-00021-JMK
Order Bifurcating Trial and Staying Discovery                         Page 9
Case 3:23-cv-00021-JMK    Document 29   Filed 02/27/24   Page 9 of 9